Steven F. Grover (Fla. Bar. # 131296)
One East Broward Blvd., Suite 700
Fort Lauderdale, FL 33301
Tel.: 954-356-0005
E-mail: stevenfgrover@gmail.com
*Lead/trial counsel; admitted pro hac vice*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY N. YOUNG AND BARRY J. DAVIS, on behalf of themselves and all others similarly situated, | Case No. 3:13-CV-01473-BAS-KSC |
| | **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS TRANSUNION AND EQUIFAX'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| v. | |
| TRANSUNION LLC; TRANSUNION CORP.; TRANSUNION HOLDING COMPANY, INC.; EQUIFAX INFORMATION SERVICES LLC; EQUIFAX, INC.; SUNTRUST MORTGAGE, INC.; SUNTRUST BANKS, INC.; and ONEWEST BANK, FSB; | |
| Defendants. | |

*****************************************************************

Plaintiffs Jeffery N. Young and Barry J. Davis, individually and on behalf of

all similarly situated individuals (referred to hereinafter collectively as Plaintiffs"),

hereby oppose the Motion to Dismiss of Defendants Transunion LLC; TransUnion

Corp.; TransUnion Holding Company, Inc.; Equifax Information Services LLC;

and Equifax, Inc. (hereinafter referred to collectively as "Defendants," "Movants,"
or "TransUnion and Equifax"):

## **TABLE OF CONTENTS**

**I.**   **INTRODUCTION AND SUMMARY OF ARGUMENT**                  **1**

**II.**  **LAW AND ARGUMENT**                                       **7**

    **A.**   **LEGAL STANDARD ON A MOTION TO DISMISS**          **7**

    **B.**   **THE PARALLEL, REMEDIAL PURPOSES OF**              **9**
            **THE FCRA AND THE CCRAA**

        **1.**   **THE FCRA**                                   **9**

        **2.**   **THE CCRAA**                                  **11**

    **C.**   **THE ESSENTIAL PROBLEM WITH TRANSUNION**           **12**
            **AND EQUIFAX'S  MOTION IS THAT IT BLATANTLY**
            **IGNORES THEIR EXPLICIT DUTIES AS CREDIT**
            **REPORTING AGENCIES UNDER THE FCRA AND**
            **CCRAA.**

    **D.**   **PLAINTIFFS HAVE PROPERLY PLED A CLAIM**           **14**
            **UNDER COUNT TWO BECAUSE PLAINTIFFS**
            **PLAUSIBLY ALLEGE THAT DEFENDANTS' FILE**
            **DISCLOSURES WERE UNCLEAR, INACCURATE,**
            **OR MISLEADING.**

    **E.**   **PLAINTIFFS HAVE PROPERLY PLED A CLAIM**           **21**
            **UNDER COUNT ONE BECAUSE PLAINTIFFS**
            **PLAUSIBLY ALLEGE THAT DEFENDANTS**
            **LACKED REASONABLE PROCEDURES TO**
            **ENSURE MAXIMUM POSSIBLE ACCURACY,**
            **BY ALLEGING UNCLEAR, INACCURATE,**

AND/OR MISLEADING ENTRIES IN THE
CREDIT FILES MAINTAINED BY MOVANTS.

F.   THE CCRAA CLAIMS SURVIVE FOR          25
     THE SAME REASONS.

G.   PARENT COMPANY EQUIFAX, INC.          28
     SHOULD NOT BE DISMISSED.

III.   CONCLUSION                          28

# TABLE OF AUTHORITIES

## CASES

Alvarez v. Chevron Corp., 656 F.3d 925 (9th Cir. 2011)        27

Andrews v. TRW Inc., 225 F.3d 1063 (9th Cir. 2000)        21

Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)        8

Baker v. TransUnion, 2009 U.S. Dist. LEXIS 107948        8
        (D. Ariz. Nov. 19, 2009)

Baker v. TransUnion, 2008 U.S. Dist. LEXIS 93266        9
        (D. Ariz. Nov. 5, 2008)

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)        7

Bradshaw v. BAC Home Loans Servicing, LP,        13, 21-22
        816 F. Supp.2d 1066 (D. Or. 2011)

Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151        13, 21
        (11th Cir. 1991)

Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876        12, 27
        (9th Cir. 2010)

Casella v. Equifax Credit Info. Servs., 56 F.3d 469        13
        (2d Cir. 1995)

Channing v. Equifax, Inc., 2013 U.S. Dist. LEXIS 21421        27-28
        (E.D. N. Car. Feb. 15, 2103)

Cleveland v. Secy. of Treas., 407 Fed. Appx. 386        8
        (11th Cir. 2011)

Cisneros v. U.D. Registry, Inc., 39 Cal. App.4th 548,        12, 27
        46 Cal. Rptr.2d 233 (Cal. Ct. App. 1995)

Cortez v. TransUnion, LLC, 617 F.3d 688 (3d Cir. 2010)        10-11

Crane v. TransUnion, 282 F.Supp.2d 311 (E.D. Pa. 2003)        23

Cunningham v. Simpson, 1 Cal.3d 301, 81 Cal. Rptr. 855,        19
    461 P.2d 39 (1969)

Dalton v. Capital Associated Indus., Inc., 257 F.3d 409        10, 16, 23
    (4th Cir. 2001)

Diprinzio v. MBNA America, 2005 WL 2039175        23
    (E.D. Pa. Aug. 24, 2005)

Drew v. Equifax Info. Servs., LLC, 2009 U.S. Dist. LEXIS        27
    18965 (N.D. Cal. Mar. 5, 2009)

Eclectic Props. East, LLC v. The Marcus & Millichap Co.,        7-8
    2014 U.S. App. LEXIS 8579 (9th Cir. 2014)

Ferguson v. Wells Fargo Bank, N.A., 538 Fed. Appx. 782        9
    (9th Cir. 2013)

Gillespie v. Equifax Info. Servs., LLC, 484 F.3d 938        15-17
    (7th Cir. 2007)

Goode v. LexisNexis Risk & Info. Analytics Group, Inc.,        18
    848 F. Supp.2d 532 (E.D. Pa. 2012)

Gorman v. Walpoff & Abramson, LLP, 584 F.3d 1147        9, 13, 16, 21
    (9th Cir. 2009)

Grantham v. Bank of America,        21
    2012 U.S. Dist. LEXIS 167439
    (N.D. Cal. Nov. 26, 2012)

Guillen v. Bank of Am. Corp., 2011 U.S. Dist. LEXIS 98860        27
    (N.D. Cal. Aug. 31, 2011)

Guimond v. TransUnion Credit Info. Co., 45 F.3d 1329        10, 22
    (9th Cir. 1995)

Hauser v. Equifax, Inc., 602 F.2d 811 (8th Cir. 1979)          17-18

Henson v. CSC Credit Servs., 29 F.3d 280 (7th Cir. 1994)          13

Koropoulos v. Credit Bureau, Inc., 734 F.2d 37          16
    (D.C. Cir. 1984)

Larson v. TransUnion, LLC, 2014 U.S. Dist. LEXIS 51446          15
    (N.D. Cal. Apr. 14, 2014)

Legge v. Nextel Comms., Inc., 2004 U.S. Dist. LEXIS 30333          27
    (C.D. Cal. June 25, 2004)

Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)          9

Miller v. TransUnion, LLC, 2013 U.S. Dist. LEXIS 139589          15-16
    (M.D. Pa. Sept. 27, 2013)

Nelski v. TransUnion, LLC, 86 Fed. Appx. 840 (6th Cir. 2004)          10

Owner-Operator Independent Drivers Ass'n, Inc. v.          23
    v. USIS Comm'l Servs., Inc., 537 F.3d 1184
    (10th Cir. 2008)

Ramirez v. TransUnion, LLC, 899 F.Supp.2d 941          26-27
    (N.D. Cal. 2012)

Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 127 S.Ct. 2201,          10
    167 L.Ed.2d 1045 (2007)

Saunders v. Branch Banking & Trust Co., 526 F.3d 142          16
    (4th Cir. 2008)

Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683,          8
    40 L.Ed.2d 90 (1974)

Schweitzer v. Equifax Info. Solutions LLC, Inc.,          13, 16
    441 F. App'x 896 (3d Cir. 2011)

Shively v. Bozanich, 31 Cal.4th 1230, 7 Cal. Rptr.3d 576,          18

80 P.3d 676 (2003)

TRW Inc. v. Andrews, 534 U.S. 19, 122 S.Ct. 441,            10
    151 L.Ed.2d 339 (2001)

Usher v. City of Los Angeles, 828 F.2d 556 (9th Cir. 1987)   8

Valentine v. First Advantage Saferent,                     22
    2009 U.S. Dist. LEXIS 110153
    (C.D. Cal. Nov. 23, 2009)

## STATUTES

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*   *passim*

    15 U.S.C. § 1681a(g)                10-16

    15 U.S.C. § 1681e(b)                5-25

    15 U.S.C. § 1681g(a)                4-25

    15 U.S.C. § 1681k                   16

    15 U.S.C. §1681n                    12

    15 U.S.C. §§ 1681n(a)               12

    15 U.S.C. § 1681(o)                 12-13

California Consumer Credit Reporting Agencies Act          *passim*
    ("CCRAA"), Cal. Civ. Code § 1785.1 *et seq.*

    Cal. Civ. Code §§ 1785.1-1787.3    2, 11, 25

    Cal. Civ. Code § 1785.1            2, 11, 26

    Cal. Civ. Code § 1785.1(b)         11

    Cal. Civ. Code § 1785.1(c)         11

Cal. Civ. Code § 1785.1(d)                         11

Cal. Civ. Code § 1785.10                           11, 19

Cal. Civ. Code § 1785.16                           11, 26

Cal. Civ. Code § 1785.25                           11, 26

Cal. Civ. Code § 1785.3(g)                         13

Cal. Civ. Code § 1785.31                           26


## RULES

Fed. R. Civ. P. 8(a)                               8, 24

Fed. R. Civ. P. 9(b)                               24

Fed. R. Civ. P. 12(b)(6)                           3-4, 7, 16, 28


## OTHER AUTHORITIES

16 C.F.R. Pt. 600, App. D, § 607(b)(3)(A)          23

S. Rep. No. 91-517 (1969)                          10

# I.  <u>INTRODUCTION</u>

In this consumer rights class action, Plaintiffs Jeffery Young and Barry Davis, for themselves and all similarly situated persons, allege that two of the three major national credit reporting agencies ("CRAs") and two large mortgage lenders have violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by unclearly, inaccurately, and/or misleadingly reporting that their home mortgages went into foreclosure when, in fact, short sales were accomplished.  At other times, Defendants have violated the FCRA by reporting that the current status of the home loans was that the balances were past due, when in fact no payments were owed because the short sales constituted settlements of the debt. Plaintiffs allege that these reckless actions seriously damaged their credit scores and their abilities to obtain credit, and caused them emotional distress.

The CRAs in this action are TransUnion and Equifax.[1]  The mortgage lenders, who are called "furnishers" of credit information under the FCRA, are OneWest Bank and SunTrust.

---

[1] Transunion LLC, TransUnion Corp., and TransUnion Holding Company, Inc. are referred to herein collectively as "TransUnion" because all three companies have moved to dismiss the Complaint and Plaintiffs allege that they are a unified business enterprise, jointly acting as a CRA.  Equifax Information Services LLC and Equifax, Inc. are referred to herein collectively as "Equifax" for the same reasons.  First Amended Class Action Complaint ("Complaint"), ¶¶ 30, 42.

One of the two class representatives, Davis, is a California resident who also alleges violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq.*  He is also proceeding on behalf of a class of California residents, against Equifax, TransUnion, and OneWest Bank.

To illustrate the problem, in May 2013 TransUnion described Young's mortgage loan in relevant part as "FORECLOSURE INITIATED" when it should have been described as a short sale or at least as a settlement.

Similarly, in February 2012 TransUnion described the same home loan in relevant part as follows: "**Pay Status**: >Account 120 Days Past Due Date<."  That is also inaccurate because, ***as of that date***, the loan was not 120 days past due.  No money was owed, and there was no reference to the short sale/settlement.

In July 2012, Equifax described it in relevant part as follows:  "**Status—**Over 120 Days Past Due…Account Paid For Less Than Full Balance; Account Paid After Foreclosure Started…."  This was inaccurate for the same reasons.

Davis obtained a consumer file disclosure from Equifax in March 2013 that described the "Status" of his home loan as "Over 120 Days Past Due…."  That description was inaccurate because, as of the date of that disclosure, there was no delinquent amount as a result of the prior short sale.

There are additional unclear, inaccurate, and/or misleading descriptions of the short sales that Young and Davis underwent.  They are summarized in paragraphs 88 through 95 and 108 through 111 of the Complaint.

It is not only plausible that Equifax and TransUnion's descriptions of the home loans—like those set forth above—were unclear, inaccurate, and/or misleading, it is beyond dispute.  Indeed, under FCRA jurisprudence, a consumer file disclosure or consumer credit report that contains technically accurate information may still be found to be "inaccurate" if the statement is presented in such a way that it creates a misleading impression.  Defendants' attempt to short-circuit this class action and shirk its "grave responsibilities" under the FCRA and CCRAA is utterly without support.  Hence, Defendants' Motion to Dismiss under Rule 12(b)(6) (hereinafter "the Motion" or "MTD") must be denied.

Plaintiffs' allegations are very serious.  When it comes to getting credit, the difference between a short sale and a foreclosure is enormous:  Potential lenders/credit grantors view a person who has lost his property through a foreclosure to be a deadbeat and an enormous credit risk because he has walked away from a major loan obligation.  A foreclosure on a credit report is an "F."  In contrast, a person who has undergone a short sale is viewed as a person who struggled in paying his mortgage, but did the right thing by working out an

agreement—a settlement or modification—with the lender.  In a short sale, the

lender agrees to discount the loan balance.

Defendants do not argue for Rule 12(b)(6) dismissal on the grounds that the

description of a short sale as a "foreclosure" is accurate.  Rather, Defendants' first

contention is that Count Two fails as a matter of law because FCRA Section

1681g(a) "imposes only disclosure requirements…."  Defendants contend that

Section 1681g(a) requires CRAs to disclose consumers' credit files, and nothing

more.  Accordingly, they argue, because no clarity or accuracy is required, there is

no right of action when the file disclosure has been provided.

However, the plain wording of Section 1681g(a) and thirty years of

precedents show that Defendants' position is unfounded.  The FCRA creates a

private right of action against CRAs for the negligent or willful violation of any

duty imposed under the statute.  Thus, consumers clearly have a cause of action

when a CRA fails to "clearly" or "accurately" disclose any aspect of the

consumer's requested credit file.  Section 1681g(a) would be stripped of all

meaning if a CRA could simply produce a credit file to a consumer without it

being clear or accurate.

Defendants' second contention is that Count One fails.  Count One alleges

that Defendants have failed to follow reasonable procedures to ensure the

maximum possible accuracy of credit information that Defendants include in

consumer credit reports—specifically concerning the reporting of short sales as "foreclosures"—in violation of FCRA Section 1681e(b).  Defendants contend that it "fails because Plaintiffs do not allege any unreasonable procedure TransUnion and Equifax supposedly employed, nor do they allege any reason why TransUnion and Equifax should have suspected the information SunTrust and OneWest furnished about Plaintiffs was not reliable."  MTD at 1, lines 19-25.

Defendants do not cite a single case holding that a consumer has to plead the precise nature of the unreasonable procedure.  There are three main reasons no such cases exist:  First, allegations of an inaccurate or misleading entry in one's consumer credit file satisfies the pleading requirement under Section 1681e(b).  Second, before taking discovery, there is no way for a consumer to know what a CRA's internal operating procedures are that has led to its failure to accurately report information in credit reports.  Defendants are demanding that Plaintiffs plead what they cannot know without extensive discovery.  Third, the question of whether a CRA has "reasonable procedures" for handling the credit reporting issue in dispute is normally a question for the jury.  Thus, it is not even normally proper on a summary judgment motion.

In any event, Plaintiffs have pled facts that support the claim for lack of reasonable procedures:  Defendants' systematic failure to properly report short sales, by erroneously reporting them as foreclosures.  In fact, Plaintiffs allege the

problem that is believed to be the root of the problem:  that Defendants have provided mortgage lenders an accurate, complete code for designating "foreclosures," but have failed to provide them such a code for designating "short sales"—despite the huge number of short sales that take place in America. Complaint, ¶ 72.

Furthermore, Plaintiffs allege that they repeatedly wrote to TransUnion and Equifax, advising them that they were erroneously reporting the short sales as foreclosures.  Hence, Defendants were on notice of the problem.  Far from Defendants' assertion that they had no reason to know that any of "foreclosure" information was inaccurate, Plaintiffs' letters legally obligated them, under the FCRA and the CCRAA, to independently investigate the issue.

Defendants' final contention is that Plaintiffs' CCRAA claims (Count Four) are "lacking in detail but appear to be based on the same facts as support the FCRA Section 1681e(b) claim.  The CCRAA count fails for the same reasons."  In fact, Count Four alleges CCRAA claims against TransUnion and Equifax that are the California-law counterparts of both the FCRA claims under  FCRA Sections 1681e(b) (lack of reasonable procedures) and FCRA Section 1681g(a) (unclear and inaccurate file disclosures).  As the CCRAA tracks the FCRA and Count Four incorporates all of the Complaint's factual allegations, Defendants' contention should be rejected for the same reasons that their FCRA arguments fail.

In the unlikely event that the Court finds that more facts should have been alleged in support of any count, then dismissal without prejudice, with leave to amend, should be granted because it is not certain that the Complaint could not be cured by alleging additional facts.  Leave to amend shall be freely granted when justice so requires.  This policy is to be exercised with extreme liberality.  Although Young previously exercised his right to unilaterally amend the original complaint without leave of Court, that was done to add the second plaintiff/class representative, Davis, who not only purports to represent the nationwide class under the FCRA, but also the California class under the CCRAA.  There has been no ruling that Plaintiffs' allegations are incomplete in any way.  Leave to amend should be granted at least once after any such ruling.

## II.  <u>LAW AND ARGUMENT</u>

## A.   LEGAL STANDARD ON A MOTION TO DISMISS

A complaint may be dismissed under Rule 12(b)(6) only if it does not provide a defendant with "fair notice of a legally cognizable claim and the grounds on which its rests."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  The complaint need not contain "detailed factual allegations," but must set forth a "plausible" legal theory—which is a far cry from a "probability" requirement.  A well-pleaded complaint must survive a motion to dismiss even if it strikes a savvy judge that a recovery is very remote and unlikely.  <u>See</u> <u>id.</u> at 546-47; <u>Eclectic</u>

Props. East, LLC v. The Marcus & Millichap Co., 2014 U.S. App. LEXIS 8579, *8 (9th Cir. 2014).  A district court acts "prematurely" and "erroneously" when it dismisses a well-pleaded complaint, thereby "preclud[ing] any opportunity for the plaintiffs" to establish their case "by subsequent proof."  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Courts evaluate whether a complaint states a cognizable legal theory in light of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  The court must accept plaintiff's allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff.  Ashcroft, 129 S.Ct. at 1949; Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Pleading rules must not substitute for evaluating a case on its merits; discovery and summary judgment motions exist to dispose of unmeritorious claims.  Cleveland v. Secy. of Treas., 407 Fed. Appx. 386, 388 (11th Cir. 2011).

"At the motion to dismiss stage, the Court ha[s] to accept as true [the FCRA plaintiff's] allegations that [the CRA] provided [the credit user] with an incomplete or misleading credit report."  Baker v. TransUnion, 2009 U.S. Dist. LEXIS 107948, *13-14 (D. Ariz. Nov. 19, 2009).  The court must assume that the inaccurate or incomplete information emanated from the CRA's consumer credit

file.  See Baker v. TransUnion, 2008 U.S. Dist. LEXIS 93266, *16 (D. Ariz. Nov. 5, 2008).[2]

If the court dismisses the complaint, it must do so without prejudice and with leave to amend—even if no request to amend the pleading was made—unless it determines that the complaint could not possibly be cured by the allegation of additional facts.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Leave to amend must be allowed with "extreme liberality."  Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  Because leave to amend would not be futile, this Honorable Court should at least grant such leave if it finds that any of the challenged allegations are lacking in necessary description.

## B.  THE PARALLEL, REMEDIAL PURPOSES OF THE FCRA AND THE CCRAA

### 1.  THE FCRA

Plaintiffs' federal claims are brought under the FCRA, a remedial statute intended "to protect consumers from the transmission of inaccurate information

---

[2]  Even on a summary judgment motion, it is improper to dismiss a FCRA complaint where there is a genuine issue of whether a credit account was accurately reported.  See Ferguson v. Wells Fargo Bank, N.A., 538 Fed. Appx. 782, 782-83 (9th Cir. 2013) (citing Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009).

about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. TransUnion, LLC, 617 F.3d 688, 706 (3d Cir. 2010).  The FCRA is to be liberally construed in favor of consumer protection because of its remedial purpose.  Id. (citing S. Rep. No. 91-517, at 3 (1969)).  See also Guimond v. TransUnion Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995); TRW Inc. v. Andrews, 534 U.S. 19, 23, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001).  Congress enacted the FCRA out of deep concerns with "systemic" abuses in the consumer reporting industry, and in recognition of the vast power that CRAs have over the lives and livelihoods of all Americans.  Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 127 S.Ct. 2201, 2211, 167 L.Ed.2d 1045 (2007) (quoting § 1681(a)); Guimond, 45 F.3d at 1333; Dalton v. Capital Assoc'd Indus., Inc., 257 F.3d 409, 414 (4th Cir. 2001).  In enacting the FCRA Congress adopted numerous mandates designed to ensure that CRAs report fair and accurate information.  Safeco, 127 S.Ct. at 2205-06.  These mandates reflect what Congress explicitly described, in the statute, as the CRAs' "grave responsibilities" in assembling and preparing credit files and reports about consumers.  Id. at 2211 (quoting § 1681(a)).

The FCRA imposes distinct obligations on three types of entities:  (1) CRAs; (2) furnishers of information to CRAs; and (3) users of consumer reports.  Nelski v. TransUnion, LLC, 86 Fed. Appx. 840, 844 (6th Cir. 2004).  However, the

responsibilities of CRAs are particularly important.  It is imperative that the courts

not allow "'a company that traffics in the reputations of ordinary people'" a free

pass to ignore the FCRA's requirements.  See Cortez, 617 F.3d at 723 (quoting

Dennis v. BEH-1, LLC, 520 F.3d 1066, 1071 (9th Cir. 2008)).

### 2.    THE CCRAA

Davis (not Young) brings parallel state law claims under the California

Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code Sections

1785.1-1787.3, including Sections 1785.1, 1785.16, 1785.25, and 1785.31.

Complaint, ¶¶ 1, 161-168.  The purposes of the CCRAA also include insuring that

consumer reporting agencies "exercise their grave responsibilities with

fairness…[and] impartiality," and that they "adopt reasonable procedures...with

regard to the…accuracy [and] relevancy…of [consumer] information…."  Cal.

Civ. Code §§ 1785.1(c), (d).  Ensuring the accuracy of the information that CRAs

collect and maintain in their files on consumers is clearly among the CCRAA's

purposes.  Cal. Civ. Code §§ 1785.1(d); 1785.1(b) (noting that CRAs have a "vital

role in assembling" information on consumers).  With regard to a CRA's

disclosure of information to consumers, the CCRAA has provisions requiring that

the information be not misleading or confusing to the consumer.  See, e.g., id. at §

1785.10(b) (prohibiting the use of written file disclosures containing unexplained

internal "codes").  Further, an omission that renders information misleading or

incomplete makes that information inaccurate, in violation of the CCRAA.

Cisneros v. U.D. Registry, Inc., 39 Cal. App.4th 548, 579-80, 46 Cal. Rptr.2d 233, 254 (Cal. Ct. App. 1995).

Because the CCRAA is substantially based upon the FCRA, judicial interpretations of the FCRA are persuasive authorities and entitled to substantial weight when interpreting the CCRAA.  See Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 889 (9th Cir. 2010).

The FCRA and CCRAA require that CRAs clearly communicate accurate and complete information.  The mortgage loan information at issue cannot be considered clear, accurate, or complete.

**C.   THE ESSENTIAL PROBLEM WITH TRANSUNION AND EQUIFAX'S  MOTION IS THAT IT BLATANTLY IGNORES THEIR EXPLICIT DUTIES AS CREDIT REPORTING AGENCIES UNDER THE FCRA AND CCRAA.**

It is surprising that TransUnion and Equifax have moved to dismiss the Complaint.  The Motion evinces a disavowal or gross minimization of their statutory duties.  This section highlights the essential problem with their Motion.

The FCRA explicitly creates a private right of action against CRAs for the negligent, see 15 U.S.C. §1681o, or willful, see id., §1681n, violation of **any** duty that the statute imposes.  15 U.S.C. §1681n(a) provides that "[a]ny person who willfully fails to comply with **any** requirement imposed under this subchapter with respect to any consumer is liable to that consumer…." (emphasis added).  15

U.S.C. §1681o(a) provides that "[a]ny person who is negligent in failing to comply with *any* requirement imposed under this subchapter with respect to any consumer is liable to that consumer…." (emphasis added)  Accord Gorman, 584 F.3d at 1154; Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 473 (2d Cir. 1995); Schweitzer v. Equifax Info. Solutions LLC, 441 Fed. Appx. 896, 901 (3d Cir. 2011); Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994); Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991); Bradshaw v. BAC Home Loans Servicing, LP, 816 F. Supp.2d 1066, 1071 (D. Or. 2011).

FCRA Section 1681g(a) sets forth the following requirement, in relevant part:

> Every consumer reporting agency *shall*, upon request, and subject to section 1681h(a)(1) of this title [relating to the use of proper identification], *clearly and accurately* disclose to the consumer: (1) *All information* in the consumer's file at the time of the request….

15 U.S.C. § 1681g(a) (emphases added).

The CCRAA similarly provides that "every consumer reporting agency *shall*…allow the consumer to visually inspect *all files* maintained regarding that consumer at the time of the request."

The FCRA defines "file" as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored."  15 U.S.C. § 1681a(g).  The CCRAA employs the same definition for "file."  Cal. Civ. Code § 1785.3(g).

FCRA Section 1681e(b) sets forth in relevant part:  "**Compliance procedures**….(b) Accuracy of report.**  Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b)  (emphasis in original).

Hence, there is unequivocally a right of action for violations of the two statutory duties that Defendants call into question (or seek to limit).

**D.   PLAINTIFFS HAVE PROPERLY PLED A CLAIM UNDER COUNT TWO BECAUSE PLAINTIFFS PLAUSIBLY ALLEGE THAT DEFENDANTS' FILE DISCLOSURES WERE UNCLEAR, INACCURATE, OR MISLEADING.**

Defendants argue that Section 1681g(a) "imposes only disclosure requirements, but there is no allegation [by Plaintiffs] that TransUnion or Equifax failed to disclose to Plaintiffs the contents of their credit files.  Inaccuracy claims are not actionable under this provision of the FCRA, as Plaintiffs allege."  MTD at 1, lines 13-18.  Because Section 1681g(a) requires CRAs to disclose consumers' credit files, and nothing more, Defendants contend, no clarity or accuracy is required and Count Two must be dismissed.

However, the plain wording of Section 1681g(a) and interpretive cases spanning thirty years clearly show that Defendants' position is so astonishingly unfounded that it evinces a stunning lack of acceptance of their "grave responsibilities" under FCRA.  With this dismissive attitude towards their statutory

obligation to provide consumers with "clear and accurate" credit file disclosures

that Section 1681g(a) mandates, it is no wonder that the serious class-wide

violations occurred that form the basis of this lawsuit.

The court held in <u>Larson v. TransUnion, LLC</u>, 2014 U.S. Dist. LEXIS

51446, *8-9 (N.D. Cal. Apr. 14, 2014), that Section 1681g(a) mandates in relevant

part that "'[e]very consumer reporting agency shall, upon request, ***clearly and***

***accurately*** disclose to the consumer:  All information in the consumer's file at the

time of the request….'"  <u>Id.</u> (quoting 15 U.S.C. § 1681g(a)) (emphasis in original).

Explicitly rejecting TransUnion's attempt to dismiss one of Larson's causes of

action, for violation of Section 1681g(a), <u>see id.</u> at *6, *17, the <u>Larson</u> court

explained that the courts indeed have construed the words "clearly and accurately"

(and similar words in other sections of the FCRA) to mean that a CRA has a duty

to "'do more than simply make an accurate disclosure of information in the

consumer's credit file.'"  <u>Id.</u> at *9 (quoting <u>Gillespie v. Equifax Info. Servs., LLC</u>,

484 F.3d 938, 941 (7th Cir. 2007) (interpreting § 1681g(a)).

In other words, under Section 1681g(a)'s mandate, it is not enough for a

CRA to even disclose the credit file with accurate information.  If the accurate

information is nonetheless provided to the consumer in an unclear or misleading

manner, Section 1681g(a) is still violated.  In making this point, the <u>Larson</u> court

cited not only <u>Gillespie</u>, 484 F.3d at 941, but also:  <u>Miller v. TransUnion, LLC</u>,

2013 U.S. Dist. LEXIS 139589, *5 (M.D. Pa. Sept. 27, 2013) ("Under section 1681g,…a disclosure may be accurate but may not be clear so that a consumer can determine the accuracy of the information"); Dalton, 257 F.3d at 415 (credit report is not accurate under Sections 1681e and 1681k if it provides information in a manner that creates a materially misleading impression); Koropoulos v. Credit Bureau, Inc., 734 F.2d 37, 40-42 (D.C. Cir. 1984) (incomplete reporting can violate FCRA § 1681's accuracy requirement when it is "misleading"); Schweitzer, 441 F. App'x at 902 ("A consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression.") (quoting Saunders v. Branch Banking & Trust Co., 526 F.3d 142, 148 (4th Cir. 2008) (interpreting Section 1681s)).

     In Gorman, supra, the Ninth Circuit adopted the reasoning in Koropoulos.

     In Miller, supra, the United States District Court for the Middle District of Pennsylvania denied a motion to dismiss under Rule 12(b)(6), concluding that it was improper to dismiss a claim at a preliminary stage of litigation where the FRCA complaint alleged facts, which taken as true, could form the basis of a cause of action under Section 1681g(a). Id. at *10-18. The court stated that Section 1681g "requires CRAs, upon request, to 'clearly and accurately disclose to the consumer' '[a]ll information in the consumer's file[,]'" and stated that "when the form of the disclosure renders it confusing and unclear, it can be the basis of a

violation under section 1681g." Id. at *15.  Concluding that a consumer could be confused by the information reported, the court concluded that the complaint stated a cognizable claim that the Defendant had violated its Section 1681g "statutorily mandated duty to clearly and accurately set forth" the information reported.  Id. at *17-18.

The cases that Defendants cite in support of their "position" do not support them at all.  Indeed, they show the opposite.  They argue that Gillespie, 484 F.3d at 941, supports their argument.  But the Seventh Circuit in Gillespie stated that Section 1681g(a)(1) requires CRAs to both "clearly and accurately disclose" all information in the consumer's file.  Id.  Moreover, the court's holding makes clear that Section 1681g(a)(1) requires more than accuracy of information; it requires accurate information to be clearly described—lest it be framed in such a way that is confusing to the consumer and Section 1681g(a)(1) is nonetheless violated.  Id. ("An accurate disclosure of unclear information defeats the consumer's ability to review the credit file, eliminating a consumer protection procedure established by Congress under the FCRA.").  Accordingly, the Seventh Circuit reversed a summary judgment in favor of Equifax.

They contend that Hauser v. Equifax, Inc., 602 F.2d 811 (8th Cir. 1979), states that Section 1681g(a)'s purpose is "to provide the consumer with an opportunity to dispute the accuracy of information in his file." Id. at 817.  But

Hauser does not hold that there is no cause of action for a violation of Section 1681g(a)'s mandate that CRAs "clearly and accurately" disclose the credit file. Indeed, Hauser implies that such a cause of action exists because the court quoted Section 1681g(a)'s "clear[] and accurate[]" disclosure requirement, and affirmed the lower court's ruling that there was insufficient evidence that Equifax had not complied with Sections 1681g(a).  Id.

Similarly, Defendants contend that Goode v. LexisNexis Risk & Info. Analytics Group, Inc., 848 F. Supp.2d 532 (E.D. Pa. 2012), states that Section 1681g(a)'s "goal is to allow consumers to identify inaccurate information in their credit files and correct this information."  Id. at 544-45.  In fact, the Goode court stated that that is one purpose of Section 1681g(a), that it requires CRAs to "clearly and accurately disclose all information in the consumer's file," and held that "plaintiffs have stated a claim against [the CRA] for a willful violation of Section 1681g(a)(1)."  Id. at 544-46.  Thus, Goode clearly supports the existence of a cause of action for violation of Section 1681g(a)(1).

Defendants contend that the consumer's lack of a cause of action under Section 1681g(a) "has its roots in longstanding principles of defamation law, which recognize that malicious publication to a third party—rather than to the plaintiff himself—is what a plaintiff must prove."  In "support," Defendants cite Shively v. Bozanich, 31 Cal.4[th] 1230, 1247, 7 Cal. Rptr.3d 576, 80 P.3d 676, 686

(2003), and <u>Cunningham v. Simpson</u>, 1 Cal.3d 301, 307, 81 Cal. Rptr. 855, 461 P.2d 39 (1969).  But these are not FCRA cases; they are slander cases.  In the case at bar, Plaintiffs are not suing for slander.  There is nothing in the FCRA's language or legislative history that suggests that Congress intended to limit aggrieved consumers to a cause of action for slander, or for only claims against CRAs when the inaccurate information is provided to a third party.  In fact, the opposite is true:  In the text of the FCRA, Congress expressly described all of the FCRA's mandates—including the duty to "clearly and accurately" disclose the credit file to the requesting consumer–to be "grave responsibilities."

Defendants' assertion that no cause of action exists for unclear or inaccurate credit file disclosures also gives short shift to the purpose of Section 1681g(a) (and CCRAA Section 1785.10(a)):  for consumers to be able to find out what information CRAs are reporting about them and then be able to dispute (and hopefully have corrected, usually within 30 days) any inaccurate information in the CRA's credit files.  When those corrections are made, the incorrect information would no longer be provided to potential credit grantors and others.  Indeed, the FCRA (and CCRAA) requires CRAs to advise consumers in detail about their rights to dispute inaccurate information in their credit files and to possibly bring lawsuits if their rights are violated.  <u>See</u> 15 U.S.C. § 1681g(c)(2); Cal. Civ. Code § 1785.10(b).  However, for this error-correcting purpose to be achieved, CRA file

disclosures must be ***clear and accurate***.  If consumers are confused about what is in the CRA files, they will not be able to detect errors and seek to have them corrected.

It is true that the FCRA does not impose strict liability on a CRA for an inaccuracy in the credit file, and that one of the credit file disclosure's purposes is to create a mechanism for consumers to dispute an inaccuracy when they discover one.  But there are times, as in the instant case, when the CRA has negligently or recklessly caused or contributed to the unclear or inaccurate information in the first place, in noncompliance with the grave responsibility to present the information "clearly and accurately."  Under those circumstances, the consumer has a cause of action.  Otherwise, there would be no reason for Congress to have included the words "clearly and accurately" in Section 1681g(a).  Any other reading of Section 1681g(a) would render CRAs immune from irresponsible file disclosures.  All they would have to do to satisfy Section 1681g(a) would be to produce an incomprehensible set of names, codes, and numbers.

**E.     PLAINTIFFS HAVE PROPERLY PLED A CLAIM UNDER COUNT ONE BECAUSE THEY PLAUSIBLY ALLEGE THAT DEFENDANTS LACKED REASONABLE PROCEDURES TO ENSURE MAXIMUM POSSIBLE ACCURACY, BY ALLEGING UNCLEAR, INACCURATE, AND/OR MISLEADING ENTRIES IN THE CREDIT FILES MAINTAINED BY MOVANTS.**

Defendants argue that Count One, alleging their failure to follow reasonable procedures to ensure the maximum possible accuracy of credit information that Defendants include in consumer credit reports, in violation of FCRA Section 1681e(b), "fails because Plaintiffs do not allege any unreasonable procedure TransUnion and Equifax supposedly employed, nor do they allege any reason why TransUnion and Equifax should have suspected the information SunTrust and OneWest furnished about Plaintiffs was not reliable."  MTD at 1, lines 19-25.

Defendants do not cite a single case holding that a consumer has to plead the unreasonable procedure.  There are multiple reasons that no such cases exist:

First, Movants improperly try to make it the Plaintiffs' burden to allege the CRA's "unreasonable procedures" when, in fact, the plaintiff is only required, under Section 1681e(b), to plead an inaccurate or misleading item in his credit history.  See Gorman, 584 F.3d at 1163; Cahlin, 936 F.2d at 1156; Bradshaw, 816 F.Supp.2d at 1071.  See also Grantham v. Bank of America, 2012 U.S. Dist. LEXIS 167439, *9 (N.D. Cal. Nov. 26, 2012) (credit report showing overdue payment listed in the same month as zero balance is sufficient to demonstrate, on a motion to dismiss, an inaccuracy under the FCRA).

Second, prior to taking discovery, there is no way for a consumer to know what a CRA's internal operating procedures are that has led to the CRA's failure to

accurately report information in credit reports.  Defendants are demanding that

Plaintiffs plead what they cannot know without extensive discovery.

Third, whether a CRA has "reasonable procedures" for handling a credit

reporting issue, and properly followed them, is "a jury question[] in the

overwhelming majority of cases," i.e., it is not even properly determined on a

summary judgment motion.  Guimond, 45 F.3d at 1333.  Accord Bradshaw, 816

F.Supp.2d at 1071; Valentine v. First Advantage Saferent, 2009 U.S. Dist. LEXIS

110153, *25 (C.D. Cal. Nov. 23, 2009).  To quote the Ninth Circuit in Andrews v.

TRW Inc., 225 F.3d 1063, 1068 (9th Cir. 2000):  "It would normally not be easy for

a court as a matter of law to determine whether a given procedure was reasonable

in reaching the very high standard set by the statute…."

In any event, Plaintiffs have pled facts that support the claim for lack of

reasonable procedures:  that Movants have provided mortgage lenders a code for

designating "foreclosures," but have failed to provide them a code for designating

"short sales"—despite the huge number of short sales that take place.  Complaint, ¶

72.  In short, Plaintiffs allege that Movants have caused or contributed to this

major problem by simply failing to equip mortgage lenders with the proper

terminology for accurately describing the credit situation.

Furthermore, Plaintiffs allege that they repeatedly wrote to Movants,

advising them of the problem.  Hence, Defendants were on notice.  Far from

Movants' assertion that they had no reason to know that any of "foreclosure" information was inaccurate, Plaintiffs' letters legally obligated them, under the FCRA to independently investigate and correct the issue.

Defendants argue that they could not have violated Section 1681e(b) because they had no reason to believe that the foreclosure information from SunTrust or OneWest Bank was unreliable, and that they reasonably relied on the information reported by reliable furnishers of credit information.  However, their argument overlooks four facts:

First, a CRA is not absolved of legal responsibility by simply claiming it was entitled to rely upon a reliable furnisher.  Merely parroting what a creditor reports is improper, especially once the CRA knows or should know of a problem.  See Crane v. TransUnion, 282 F.Supp.2d 311 (E.D. Pa. 2003); Diprinzio v. MBNA America, 2005 WL 2039175 (E.D. Pa. Aug. 24, 2005).  The reasonable procedures requirement exists so that CRAs do not simply repeat what furnishers report to them.  See Dalton, 257 F.3d at 414.  "The Federal Trade Commission has explained that 'when a consumer reporting agency learns or should reasonably be aware of errors in its reports that may indicate systemic problems…it must review its procedures for assuring accuracy.'"  Owner-Operator Independent Drivers Ass'n, Inc. v. USIS Comm'l Servs., Inc., 537 F.3d 1184, 1192 (10th Cir. 2008) (quoting 16 C.F.R. Pt. 600, App. D, § 607(b)(3)(A)).

Second, whether they truly reasonably relied on reliable furnishers is a question of fact—not an issue that is proper for resolution by a MTD.  Defendants' "how could we have known?" argument improperly demands that Plaintiffs allege or know, in the pleadings stage, detailed information about their knowledge.  Even in a fraud case, Rule 9(b) provides that the plaintiff may generally plead knowledge and state of mind.  Fed. R. Civ. P. 9(b).

Third, despite the very large number of short sales in the United States, TransUnion and Equifax failed to provide any mortgage lenders, in the first place, with a proper, complete code for reporting the event as a short sale—as opposed to a foreclosure—when reporting credit-related information to CRAs.  Complaint, ¶ 72.

Fourth, Plaintiffs wrote to Movants, advising them of the fact that their short sales were being erroneously reported as foreclosures.  Id., ¶¶ 79-86, 112. However, Defendants simply ignore the allegation that they caused or contributed to the inaccuracy in the first place by providing mortgage lenders with a code for foreclosures, but no code for short sales.  They created an unreasonably restrictive set of codes that is out of touch with the fact that short sales are commonplace. Indeed, they did not take corrective action when "nationwide press reports [were] made which describe the harm that is caused to a consumer's creditworthiness

when a short sale is erroneously reported and described as a foreclosure."

Complaint, ¶101.

## F.    THE CCRAA CLAIMS SURVIVE FOR THE SAME REASONS.

Defendants contend that Plaintiffs' CCRAA claims (Count Four) are "lacking in detail but appear to be based on the same facts as support the FCRA Section 1681e(b) claim.  The CCRAA count fails for the same reasons."  In fact, Count Four alleges CCRAA claims against TransUnion and Equifax that are the California-law counterparts of *both* the FCRA claims under  FCRA Sections 1681e(b) (lack of reasonable procedures) and FCRA Section 1681g(a) (unclear and inaccurate file disclosures).  As the CCRAA tracks the FCRA and Count Four incorporates all of the Complaint's factual allegations, Defendants' contention should be rejected for the same reasons that their FCRA arguments fail.

Defendants contend that Plaintiffs "fatally" neither make clear which CCRAA provisions Defendants allegedly violated nor identify the wrongful conduct.  However, the wrongful conduct is clearly identified as the same conduct that forms the basis of the FCRA claims.  Plaintiffs reallege paragraphs 1 through 139 in the CCRAA count.  Complaint, ¶ 161.  Paragraphs 1 and 2, 6 and 7, and 15 through 116, in particular, allege the wrongful conduct.  Paragraph 1 sets forth that claims are asserted against Defendants under "the CCRAA, Cal. Civ. Code §§ 1785.1-1787.3."  Those provisions cover the entire statute.  Paragraph 166

elaborates that claims are asserted, pursuant to Cal. Civ. Code §§ 1785.1, 1785.16, 1785.25, and 1785.31, "for failing to provide consumers with clear and accurate credit reports and or credit reporting.  TransUnion and Equifax has [sic] failed to adopt reasonable procedures in handling credit information so that it is fair and equitable to the consumer with respect to clarity, accuracy, relevancy, and proper utilization of the information…."  Complaint, ¶ 166.  The CCRAA count references the entire CCRAA (by incorporating ¶ 1), and refers to specific liability provisions.

Section 1785.31 provides a cause of action and remedies for CCRAA violations.  <u>Ramirez v. TransUnion, LLC</u>, 899 F.Supp.2d 941, 944 n.2 (N.D. Cal. 2102).  Hence, TransUnion and Equifax are on sufficient notice that they are being held responsible for the same conduct and violations in the CCRAA count as in the two FCRA counts (Counts One and Two).  Knowing that the CCRAA is modeled after the FCRA, Plaintiffs admittedly took the unusual step of actually incorporating the FCRA counts against the CRAs, to attempt to make clear that the CCRAA count is co-extensive with the two FCRA counts.  If that is unclear, then leave to amend should be granted.  Notably, it was clear enough for TransUnion and Equifax to file a Motion to Dismiss arguing that the CCRAA count should be dismissed for the same reasons it set forth for dismissing the two FCRA counts.

Defendants' argument that Plaintiffs may not simultaneously maintain FCRA and CCRAA claims ignores the simple, binding logic of Ramirez, supra. In Ramirez the court held that it must defer to the only California appellate court ruling on point, Cisneros v. U.D. Registry, Inc., 39 Cal. App.4th 548, 581, 46 Cal. Rptr.2d 233 (1995), absent convincing evidence that the California Supreme Court would hold otherwise. Ramirez, 899 F.Supp.2d at 944 (citing Carvalho, 629 F.3d at 889; Alvarez v. Chevron Corp., 656 F.3d 925, 932 n.7 (9th Cir. 2011)). The Cisneros court held that the plain meaning of CCRAA Section 1785.34(a) applies to "a circumstance where there is a prior action pending under the [FCRA], and someone brings a later action under the state law." Id. at 944-45. Accord Guillen v. Bank of Am. Corp., 2011 U.S. Dist. LEXIS 98860 (N.D. Cal. Aug. 31, 2011).

Defendants' reliance on Drew v. Equifax Info. Servs., LLC, 2009 U.S. Dist. LEXIS 18965 (N.D. Cal. Mar. 5, 2009), and Legge v. Nextel Comms., Inc., 2004 U.S. Dist. LEXIS 30333 (C.D. Cal. June 25, 2004), is unavailing because these courts did not address Cisneros. Ramirez, 899 F.Supp.2d at 945.

## G.    PARENT COMPANY EQUIFAX, INC. SHOULD NOT BE DISMISSED.

Ensconced in footnote 3 of their MTD, Defendants cite Channing v. Equifax, Inc., 2013 U.S. Dist. LEXIS 21421 (E.D. N. Car. Feb. 15, 2103), for the proposition that Equifax, Inc. is not a CRA (as opposed to Equifax Information Services, LLC). In that case, Equifax, Inc. indeed moved for summary judgment

27

on that basis, and the court granted the motion.  However, the plaintiff in <u>Channing</u> "fought" the motion *pro se*, without controverting Equifax, Inc.'s affidavits and without presenting any evidence that the subsidiary could not satisfy his claim, that it is a mere instrumentality of the parent, or that the parent dominates and controls the subsidiary.  <u>Id.</u> at *6, 10.  Here, Defendants have moved to dismiss under Rule 12(b)(6)—not for summary judgment—and Plaintiffs are entitled to have their allegations accepted as true that parent company Equifax, Inc. and its wholly owned subsidiary, Equifax Information Services, LLC, "are a unified business enterprise, jointly act as a CRA as defined by the FCRA," that "Defendants' annual reports to shareholders, SEC filings, and other sources of information makes clear that Equifax is "equally involved in the business of jointly acting as [a] CRA[]" and that Equifax, Inc. is "in no way less responsible or less directly involve in the alleged FCRA violations than" its subsidiary.  Complaint, ¶¶ 37, 42, 62.

## III.  **CONCLUSION**

For the above reasons, Defendants' Motion to Dismiss must be denied.

Dated: June 10, 2014                    Respectfully submitted:

                                        s/ Andrew P. Greenfield
                                        THE GREENFIELD LAW FIRM, APC
                                        Andrew P. Greenfield (#147109)
                                        4425 Bayard St., Suite 128
                                        San Diego, California 92109
                                        Tel. 858-581-1400
                                        *Local Counsel for Plaintiffs*

1

2              Steven F. Grover (FL Bar # 131296)
                Steven F. Grover PA
3              Wells Fargo Tower
                One East Broward Blvd., Suite 700
4              Fort Lauderdale, FL 33301
                Tel. 954-356-0005
5              *Lead Counsel for Plaintiffs*
6

7                     CERTIFICATE OF SERVICE

8

9        I hereby certify that all counsel of record have been served by CM/ECF this

10   10th day of June, 2014.

11                            s/ Andrew P. Greenfield
                                Andrew P. Greenfield
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28